UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMES SIEGEL,

                Plaintiff,                      07 Civ. 6025 (DC)

   -against-                                      AMENDED
                                                        COMPLAINT

METRO-NORTH COMMUTER RAILROAD,

                Defendant.
------------------------------------------------------------X

## PLAINTIFF DEMANDS TRIAL BY JURY

Plaintiff, by his attorneys, The Law Offices of Michael Flynn, PC, complains of the defendant and alleges:

FIRST :   This action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

SECOND :   The defendant is a corporation is engaged in interstate commerce by rail and operate a railroad system and railroad yards within the jurisdiction of this Court and in various other States.

## AS AND FOR A FIRST CAUSE OF ACTION

THIRD :   Plaintiff repeats and reiterates all of the preceding paragraphs as if more fully set forth herein.

FOURTH :   That prior to September, 2004, and at all times hereinafter mentioned, the defendant employed the plaintiff as an assistant foreman under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

FIFTH :   That prior to September, 2004, and at all times hereinafter mentioned, the defendant maintained, operated and controlled the tracks, rails, switches, sidings,

roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

SIXTH :    That prior to September, 2004, while the plaintiff, an employee of the defendant, was in the performance of his duties as an assistant foreman, the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff in failing to provide plaintiff with a reasonably safe place to work; in failing to perform ergonomic evaluations of plaintiff's work; in failing to take reasonable steps to lessen the risk of repetitive stress on hands/wrists; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place; that all of the foregoing brought about severe and disabling injuries to plaintiff.

SEVENTH :    That the said injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

EIGHTH :  That the plaintiff was damaged thereby in the sum of $500,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION

NINTH :    Plaintiff repeats and reiterates all of the preceding paragraphs as if set for more fully herein.

TENTH :    That prior to October 11, 2005, and at all times hereinafter mentioned, the defendant employed the plaintiff as an assistant foreman under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

ELEVENTH : That prior to October 11, 2005, and at all times hereinafter mentioned, the defendant maintained, operated and controlled the tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

TWELFTH : That prior to October 11, 2005, while the plaintiff, an employee of the defendant, was in the performance of his duties as an assistant foreman, the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff in failing to provide plaintiff with a reasonably safe place to work; in failing to provide sufficient manpower; in failing to provide sufficient tools to allow plaintiff to lift items required to be lifted by defendant without injury to his back; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place; that all of the foregoing brought about severe and disabling injuries to plaintiff.

THIRTEENTH : That the said injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

FOURTEENTH : That the plaintiff was damaged thereby in the sum of $500,000.00.

WHEREFORE, plaintiff demands judgment against the defendant on the First Cause of Action in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and on the Second Cause of Action in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, together with the costs and disbursements of this action.

> Law Offices of Michael Flynn PC
> Attorneys for Plaintiff
> 1205 Franklin Avenue
> Garden City, NY 11530
> (516) 877-1234
>
> By:_____
>   MICHAEL FLYNN, MF7150

AO 440 (Rev. 5/85) Summons in a Civil Action
==============================================================================

# UNITED STATES DISTRICT COURT

_____SOUTHERN_____District of_____NEW YORK_____

JAMES SIEGEL,

                  Plaintiff,                  **SUMMONS IN A CIVIL ACTION**

                **V.**                          CASE NUMBER:

METRO-NORTH COMMUTER RAILROAD,

                  Defendant.


   **TO:  (Name and Address of Defendant)**
       Metro-North Commuter Railroad
       347 Madison Avenue
       New York, NY 10017


YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and  serve upon

PLAINTIFF'S ATTORNEY (name and address)

      Michael Flynn, Esq., MF7150
      Law Offices of Michael Flynn PC
      1205 Franklin Avenue
      Garden City, NY 11530
      (516) 877-1234


an answer to the complaint, which is herewith upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.



_____                       _____

CLERK                                                                   DATE


_____

BY DEPUTY CLERK

AO 440 (Rev. 5/85) Summons in a Civil Action

# RETURN OF SERVICE

Service of the Summons and Complaint was made by me[1]     DATE _____

NAME OF SERVER _____     TITLE _____

Check the box below to indicate appropriate method of service

[ ]    Served personally upon the defendant. Place where served: _____

[ ]    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

[ ]    Returned unexecuted: _____

[ ]    Other (specify): _____

## STATEMENT OF SERVICE FEES

TRAVEL _____    SERVICES _____    TOTAL _____

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
              DATE                          SIGNATURE OF SERVER

                                            ADDRESS OF SERVER

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.